were the articles described in her chattel mortgage as contained in the apartment so described, the evidence is *held* insufficient to establish her right of property in the furniture in question which had been seized under an attachment writ.

2.  CHATTEL MORTGAGES, § 210*—*burden of proof.* Where a right of property in certain household furniture, held under an attachment writ, is ·set up by the holder of a chattel mortgage, it is incumbent upon such mortgagee to prove that the furniture in question is the same furniture as that covered by the chattel mortgage.

3.  CHATTEL MORTGAGES, §˙209*—*effect of failure of mortgagee to show interest in property.* Where a mortgagee sets up a right of property in chattels taken under an attachment writ, it is of no concern of the mortgagee as to who is awarded title in the property, so long as the claim under the chattel mortgage is denied for insufficient identification of the property in question.

---

## Simon Harpman, Appellee, v. Julius Andalman, Appellant.

### Gen. No. 20,286.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

### Statement of the Case.

Suit in attachment by Simon Harpman against Julius Andalman alleging that defendant was about to fraudulently conceal, assign or otherwise dispose of his property or effects so as to hinder or delay creditors. Both by general and special verdicts the jury found for plaintiff and judgment was entered on the verdicts. To reverse the judgment, defendant appeals.

JOSEPH H. LANDES, for appellant; JACOB COHEN, of counsel.

ADLER & LEDERER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. ATTACHMENT, § 246*—*when finding on attachment issue warranted by the evidence.* In attachment against defendant on the ground that he was about to fraudulently conceal, assign or otherwise dispose of his property, findings of the jury in favor of plaintiff *held* sustained by the evidence, there being evidence tending to show that defendant operated a junk yard, that he owed plaintiff for money loaned, and that after demands were made for payment defendant told plaintiff he was going to dispose of his business so that plaintiff could recover nothing, and it also appearing that soon thereafter the materials of the junk yard were removed, and one witness testified that "the wagons were going back and forth all day long" hauling scrap metal from the yard until there was hardly anything left.

2. EXECUTION, § 107*—*when motion for stay properly denied.* Where a judgment was recovered against a defendant in attachment, the judgment providing only for a special execution and plaintiff being entitled to an execution against the garnishee, *held* that a motion by defendant for a perpetual stay of execution was properly denied, though defendant was recently discharged in bankruptcy and an execution might be levied on other property, where the defendant did not properly limit his motion to such property.

---

### Baltimore Trust Company, Appellee, v. Consolidated Adjustment Company, Appellant.

### Gen. No. 20,306. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

### Statement of the Case.

Action by Baltimore Trust Company against Consolidated Adjustment Company on a contract of guar-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.